[For a hearing on the amended bill, see Case No. 10,910.]

---

## Case No. 10,910.

### PEIRCE et al. v. WEST.

[3 Wash. C. C. 354.] [1]

Circuit Court, D. Pennsylvania. April Term, 1818.

EQUITY—AMENDMENT OF BILL—NEW MATTER—INTERLINEATION.

1. In equity. Where leave is given to amend the bill, it should state only so much of the original bill, as may be necessary to introduce and to make intelligible the new matter, which should alone constitute the chief matter of the amended bill.

2. The amendment should be by a separate bill, and not by interlining the original bill.

3. The amended bill should call on the original defendants to answer the new matter, or on the new parties, if any, to answer both.

Upon a rule obtained by the defendants [West's executors] to show cause why the amended bill, filed in this case, should not be referred to the master for impertinence; it appeared, that after all the original defendants, except two, had answered the bill, the plaintiffs [Peirce & McDonald] obtained leave to amend, by making new parties. [Case No. 10,909.] The new bill contains all the matter of the original bill, together with that applicable to the new parties, and calls upon all the defendants to answer this bill.

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

Levy & Tod, for plaintiffs.
Binney & Chauncey, for respondent.

WASHINGTON, Circuit Justice. The rule is, that the amended bill should state no more of the original bill, than may be necessary to introduce, and to make intelligible the new matter, which should alone constitute the chief subject of the bill. The reasons for this rule are obvious. Not only is the incorporating of the old bill into the amended bill unnecessary, but it increases the costs, and exposes the defendants, particularly those who have answered the original bill, to the trouble of searching out, and separating the old from the new matter; at the peril of having their answer excepted to, if any mistake should happen, and all the matter of the amended bill should not be answered. The amended bill calls upon the original defendants to answer it, and upon the new defendants to answer both that, and the original bill. Wherever leave to amend the bill is granted, it is more proper to file an amended bill, than to interline the original bill; particularly, if some of the defendants had before answered that bill. The rule, therefore, must be made absolute. But on motion of the plaintiffs' counsel, leave was granted to file a new amended bill, comprising only the new matter, instead of referring the bill.

Cases cited by the plaintiffs' counsel, Hind, Prac. By the defendants' counsel. Har. Ch. Prac.